# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Tampa Division

DEC 23 2025 AM 9:09
FILED – USDC – FLMD – TPA

|  |  |  |
|---|---|---|
| Alindzia Frazier | ) | Case No. __8:25-CV-3503-WFJ-NHA__ |
| _____ | ) | _(to be filled in by the Clerk's Office)_ |
| *Plaintiff(s)* | ) |  |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Jury Trial: *(check one)*  ☒ Yes  ☐ No |
|  | ) |  |
| **-v-** | ) |  |
|  | ) |  |
|  | ) |  |
| Portfolio Recovery Associates, LLC | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |  |
|  | ) |  |
|  | ) |  |

## COMPLAINT FOR A CIVIL CASE

pd 405 ou
TPA-73530

I.      **The Parties to This Complaint**

    A.      **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Alindzia Frazier |
| Street Address | 2567 Ryland Falls Dr |
| City and County | Lakeland, Polk County |
| State and Zip Code | Florida, 33811 |
| Telephone Number | (615)971-9850 |
| E-mail Address | Linziac@yahoo.com |

    B.      **The Defendant(s)**

an        Provide the information below for each defendant named in the complaint, whether the defendant is individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known).*  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Portfolio Recovery Associates, LLC |
| Job or Title *(if known)* | Corporation Service Company |
| Street Address | 1201 Hays Street |
| City and County | Tallahassee, Leon |
| State and Zip Code | Florida, 32301 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* _____

Defendant No. 3
    Name _____
    Job or Title *(if known)* _____
    Street Address _____
    City and County _____
    State and Zip Code _____
    Telephone Number _____
    E-mail Address *(if known)* _____

Defendant No. 4
    Name _____
    Job or Title *(if known)* _____
    Street Address _____
    City and County _____
    State and Zip Code _____
    Telephone Number _____
    E-mail Address *(if known)* _____

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

that

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution are at issue in this case.

The case arises under the laws of the United States:

- Fair Debt Collection Practices Act (FDCPA)

- Fair Credit Reporting Act (FCRA)

- Florida Consumer Collection Practices Act (FCCPA)

**B.     If the Basis for Jurisdiction Is Diversity of Citizenship**

1.     The Plaintiff(s)

    a.     If the plaintiff is an individual

        The plaintiff,  *(name)* _____ , is a citizen of the State of *(name)* _____ .

    b.     If the plaintiff is a corporation

        The plaintiff,  *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

        *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

    a.     If the defendant is an individual

        The defendant,  *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

at

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

I am requesting $85,000 based on the harm I suffered. This includes emotional distress, reputational harm from being accused of not appearing in court, problems with my credit caused by inaccurate reporting, time and money spent dealing with the lawsuit and arbitration, and other financial damages. I based this amount on the ongoing stress, credit impact, and the expenses I had to pay as a result of Defendant's actions.

## III.    Statement of Claim

was

and

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

1.    In July 2024, Portfolio Recovery Associates ("PRA") filed a lawsuit against me in state court to collect an alleged debt. The original credit account had a mandatory arbitration clause, so PRA was not allowed to file a lawsuit in court.

2.    When PRA filed the lawsuit, they did not have the documents needed to show they owned the debt. They did not provide a bill of sale, assignment papers, or any account-level records. They only provided a credit card statement.

3.      In the state court case, PRA told the court that I did not appear for a hearing. This statement was not true. The judge denied PRA's request for a default judgment. This caused me stress, fear, and embarrassment because the court record made it look like I ignored the case when I did not.

4.      In late 2024, the state court ordered the case to arbitration because of the contract terms. PRA still did not provide proof that they owned the debt. I was forced to begin arbitration myself and pay filing fees.

5.      During the arbitration process, PRA still did not produce documents showing that they owned the debt. They did not show any assignment records, account records, or proof linking the alleged debt to me.

6.      PRA reported the alleged debt on my credit report, even though they had no proof that the debt belonged to me. When I disputed the reporting, PRA did not properly investigate my dispute. This caused me to be denied credit during this time.

7.      PRA also pulled my credit report without my permission and without a valid reason connected to me.

8.      While my dispute was ongoing, PRA deleted the tradeline they had reported about the alleged debt. This shows that the information they reported about me was not accurate or could not be verified.

9.      PRA's actions caused me emotional distress, loss of sleep, anxiety, embarrassment, harm to my reputation, and time away from work and my family. I also had out-of-pocket costs for filing fees and preparing for arbitration and court hearings.

---

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1.      $35,000 for emotional distress, including anxiety, loss of sleep, fear, and the stress of being sued, falsely accused of not appearing in court, and forced to deal with repeated disputes over a debt Defendant could not prove.

2.      $25,000 for reputational harm, because Defendant falsely stated in a public court record that Plaintiff did not appear for a hearing, which made Plaintiff look irresponsible and caused embarrassment and harm to her name.

3.      $15,000 in actual damages, including time away from family and work, out-of-pocket expenses for arbitration filing fees, preparing documents, postage costs, and the financial impact of being denied credit while Defendant reported unverified information.

4.      $2,000 in statutory damages for the conduct that caused ongoing harm to Plaintiff's credit, personal life, and peace of mind.

5.      $8,000 in punitive damages because Defendant's actions were ongoing, reckless, and caused continuing harm. These actions include filing a lawsuit without required documents, telling the court Plaintiff did not appear, reporting unverified information on Plaintiff's credit, and pulling Plaintiff's credit without a valid reason. Punitive damages are requested to deter Defendant from continuing these harmful actions.

The harm from Defendant's conduct continues because Plaintiff has spent more than a year dealing with the consequences, including damaged credit, emotional stress, financial problems, and the burden of correcting Defendant's actions.

Plaintiff also asks the Court to award any other relief the Court finds appropriate.

---

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.**    **For Parties Without an Attorney**

be    I agree to provide the Clerk's Office with any changes to my address where case–related papers may served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _____12/06/2025_____

Signature of Plaintiff    _/s/ Alindzia Frazier_____

Printed Name of Plaintiff    _Alindzia Frazier_____

**B.**    **For Attorneys**

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

**ALINDZIA FRAZIER,**

Plaintiff,                                                      Case Number:

v. Case No.: _____

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

Defendant.

_____/

## COMPLAINT

Plaintiff, **Alindzia Frazier**, brings this action against Defendant **Portfolio Recovery Associates, LLC**("PRA") and alleges:

## I. INTRODUCTION

1. This is an action for damages arising from Defendant's repeated violations of the **Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.**, the **Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.**, the **Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 et seq.**, and **Florida contract law**.

2. Defendant engaged in unlawful debt collection practices, reported inaccurate credit information, accessed Plaintiff's credit report without authorization, sued Plaintiff despite a binding arbitration clause, misrepresented facts in court, and pursued collection without proving ownership of the alleged debt.

Plaintiff seeks **$85,000** in damages, including actual, statutory, emotional distress, reputational harm, and punitive damages, along with any additional relief the Court deems proper.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to **28 U.S.C. §1331**, as this action arises under federal statutes including the FDCPA and FCRA.

4. Supplemental jurisdiction over Plaintiff's state-law claims exists under **28 U.S.C. §1367** because the claims arise from the same nucleus of operative facts. Venue is proper in this District under **28 U.S.C. §1391(b)** because the events giving rise to this action occurred in Polk County, Florida, within the Middle District of Florida.

## III. PARTIES

5. Plaintiff **Alindzia Frazier** is a natural person residing in Polk County, Florida, and is a "consumer" as defined in 15 U.S.C. §1692a(3) and Fla. Stat. §559.55(8).

6. Defendant **Portfolio Recovery Associates, LLC** ("PRA") is a Delaware LLC engaged in purchasing and collecting consumer debts. PRA is a "debt collector" as defined in the **FDCPA, 15 U.S.C. §1692a(6)**, and a "person" subject to the **FCCPA**.

## IV. FACTUAL ALLEGATIONS

**Defendant Filed a Lawsuit Against Plaintiff Despite a Binding Arbitration Clause**

7. Plaintiff allegedly held a consumer credit account that contained a **mandatory arbitration provision**, requiring all disputes to be resolved exclusively through arbitration.

8. Despite this binding clause, Defendant filed a lawsuit against Plaintiff in Florida state court seeking to collect the alleged debt.

9. Defendant's lawsuit violated the express terms of the arbitration agreement and constituted an unlawful attempt to enforce a right Defendant did not possess.

10. Filing suit in violation of an arbitration provision constitutes unfair and deceptive conduct under the FDCPA and FCCPA and is considered an abuse of legal process.

11. Defendant's filing also publicly exposed Plaintiff's name and alleged debt, causing embarrassment, reputational harm, stress, and anxiety.


**B. Defendant Failed to Provide Proof of Ownership or Assignment of the Debt**

12. At all relevant times, Defendant failed to provide a **bill of sale, chain of title, purchase agreement**, or any document establishing that the alleged debt was assigned to PRA.

13. Defendant instead relied solely on a **single credit card statement**, which does not establish ownership or the legal right to collect under federal or Florida law.

14. Attempting to collect a debt without possessing evidence of assignment violates 15 U.S.C. §1692e, §1692f, and Florida Statute §559.72(9).

15. Courts in the 11th Circuit have long held that misrepresenting the legal status or ownership of a debt is actionable under the FDCPA.

See *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012).

**C. Defendant Made False Statements in Prior Legal Proceedings**

16. In a previous lawsuit involving the same alleged debt, Defendant Portfolio Recovery Associates falsely represented to the state court that Plaintiff had "failed to appear" and sought a default judgment on that basis. This statement was untrue.

17. Plaintiff had in fact appeared as required. The state court, upon reviewing its own docket and records, determined that Defendant's representation was false.

18. After reviewing the matter, the state court denied Defendant's motion for default judgment. The judge expressly noted that Plaintiff had not failed to appear, issued a corrected timeline showing Plaintiff's proper participation, and rejected Defendant's attempt to secure a default.

19. The state court had already granted the motion compelling arbitration before Defendant attempted to obtain a false default judgment. Despite the existing arbitration order, Defendant continued filing improper motions in state court. After denying the default judgment, the judge again directed the parties to proceed to arbitration, reaffirming that arbitration was required under the contract and that litigation in state court was improper.

20. Defendant's attempt to obtain a default judgment based on knowingly false statements demonstrates a willful pattern of misleading the court, abusing legal process, and attempting to obtain a judgment it was not legally entitled to. This conduct violated 15 U.S.C. §1692e(2)(A), §1692e(10), and Florida Statute §559.72(9).

**D. Plaintiff Was Forced Into Arbitration, Where Defendant Again Failed to Provide Evidence**

21. After the lawsuit was dismissed due to the arbitration agreement, Plaintiff, at her own expense, initiated arbitration with the American Arbitration Association ("AAA"). Plaintiff paid filing fees, prepared legal submissions, attended conferences, and spent significant time away from her family and work obligations.

22. Defendant, however, failed to produce any account level documentation proving ownership of the alleged debt, despite being given ample opportunity.

23. Defendant's submissions consisted only of generic, non-specific documents that AAA arbitrators and courts routinely find insufficient to establish assignment.

24. Plaintiff raised FDCPA and FCRA violations during arbitration, but the arbitrator did not address them, instead issuing an award based solely on the alleged debt amount.

25. Plaintiff later filed a **motion to vacate** the arbitration award, arguing that the arbitrator exceeded his authority by ignoring federal statutory violations and by relying on insufficient documentation.

Defendant's continued refusal to provide proof of ownership throughout arbitration caused Plaintiff ongoing stress, confusion, and emotional harm.


## E. Defendant Reported Inaccurate Credit Information and Accessed Plaintiff's Credit File Without Authorization

26. Defendant reported the alleged debt to one or more consumer reporting agencies despite lacking proof that the debt was valid or that Defendant owned it.

27. Plaintiff disputed the accuracy of the reporting, but Defendant failed to conduct a proper reinvestigation as required under **FCRA §1681s–2(b)**.

Defendant also accessed Plaintiff's credit report without a permissible purpose, in violation of **FCRA §1681b(f)**.

Unauthorized access to a credit file is actionable under the FCRA and has been recognized as a compensable injury.

See *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010).

28. During arbitration, Defendant **deleted the tradeline** from Plaintiff's credit report without explanation.

29. Defendant deleted the tradeline during Plaintiff's dispute, removing transparency and preventing Plaintiff from verifying or addressing the reported information. This conduct caused confusion and hindered Plaintiff's ability to monitor her credit."

30. Defendant's inaccurate reporting and unauthorized access caused harm to Plaintiff's credit profile and created ongoing stress and instability for her and her family, who rely primarily on her credit.

## F. Damages Experienced by Plaintiff

31. Plaintiff suffered the following injuries directly caused by Defendant's conduct:

**Emotional distress**, including anxiety, fear, embarrassment, and sleeplessness;

b. **Reputational harm** due to public litigation and inaccurate credit reporting;

c. **Financial harm**, Loss of creditworthiness and increased difficulty maintaining a stable credit profile due to Defendant's inaccurate reporting

d. **Out-of-pocket expenses**, including costs associated with arbitration, document preparation, and mailing;

e. **Time lost** from work, family obligations, and personal responsibilities;

f. **Stress and disruption** caused by repeated lawsuits and inconsistent actions by

30. Defendant, including litigation, arbitration, and sudden tradeline deletion.

Defendant's misconduct was willful, reckless, and malicious, justifying punitive damages

under the FCCPA and FCRA.

## V. CAUSES OF ACTION

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**(15 U.S.C.

§1692 et seq.)\*\*

31. Plaintiff re alleges and incorporates all preceding paragraphs as though fully set forth

herein.

Defendant is a "debt collector" as defined in **15 U.S.C. §1692a(6)** because it regularly

collects or attempts to collect debts asserted to be owed to another.

Defendant violated the FDCPA through the following non exhaustive acts:

**False, deceptive, and misleading representations (15 U.S.C. §1692e)**

32. Defendant misrepresented the legal status of the alleged debt by:

a. Filing a lawsuit without proving ownership of the debt;

b. Falsely stating Plaintiff failed to appear in court;

c. Using misleading language to imply the debt was verified when it was not.

Misrepresenting a consumer's legal obligations violates §1692e(2)(A) and §1692e(10).

See *Reese v. Ellis*, 678 F.3d 1211 (11th Cir. 2012).

**B. Failure to validate the debt (15 U.S.C. §1692g)**

33. Defendant failed to provide verification of the debt after Plaintiff disputed it, instead providing only generic statements without proof of assignment.

**C. Threatening or taking action not legally permissible (15 U.S.C. §1692e(5))**

34. Defendant filed suit despite a mandatory arbitration clause, an action it had no legal right to take.

**D. Unfair and unconscionable means (15 U.S.C. §1692f)**

35. Defendant attempted to collect a debt without evidence of ownership or assignment. Defendant's actions caused Plaintiff emotional and actual damages.

**WHEREFORE**, Plaintiff seeks actual, statutory, and all other available damages under §1692k, plus costs and fees.

**\*\*COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**(15 U.S.C. §§1681b & 1681s-2(b))\*\*

36. Plaintiff incorporates all preceding paragraphs.

**Improper credit reporting (15 U.S.C. §1681s-2(b))**

37. Defendant reported inaccurate information about Plaintiff to consumer reporting agencies despite lacking proof of debt ownership.

38. Plaintiff disputed the reporting; Defendant failed to conduct a lawful, reasonable reinvestigation.

**B. Unauthorized access to Plaintiff's credit report (15 U.S.C. §1681b(f))**

39. Defendant accessed Plaintiff's credit report without a permissible purpose. Unauthorized pulling of a credit report is a violation of the FCRA.

See *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010).

## C. Deletion of tradeline indicates inaccuracy

40. Defendant deleted the tradeline during arbitration, confirming the information was inaccurate or unverifiable.

**WHEREFORE**, Plaintiff seeks statutory, actual, and punitive damages under 15 U.S.C. §§1681n and 1681o, plus costs and fees.

## **COUNT III – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT** (Fla. Stat. §559.72)**

41. Plaintiff incorporates all preceding paragraphs.

Defendant violated the FCCPA through the following acts:

### Attempting to enforce a debt it knew was not legitimate (§559.72(9))

42. Defendant filed litigation without proving ownership or assignment of the alleged debt.

### B. Misrepresenting the debt and engaging in harassment (§559.72(7), §559.72(9))

43. Defendant knowingly misrepresented that Plaintiff failed to appear in court.

Defendant's collection practices were willfully abusive, harassing, and misleading.

### C. Filing suit in violation of the contract

44. Defendant sued Plaintiff in state court despite a binding arbitration clause, constituting an attempt to enforce a right Defendant did not have.

### D. Punitive Damages Under FCCPA

45. The FCCPA allows punitive damages for willful, malicious, or reckless conduct.

See *Bacon v. Stiefel Labs.*, 275 F.R.D. 579 (S.D. Fla. 2011).

**WHEREFORE**, Plaintiff seeks actual and punitive damages under Fla. Stat. §559.77, plus costs and fees.

**COUNT IV – BREACH OF CONTRACT**

46. Plaintiff incorporates all preceding paragraphs.

47. Plaintiff's credit account agreement contained a binding arbitration clause requiring all disputes to be resolved through arbitration.

48. Defendant breached the agreement by filing a lawsuit in state court.

49. As a direct result of Defendant's breach, Plaintiff suffered:

a. Arbitration fees;

b. Time away from work and family;

c. Stress, anxiety, and emotional harm;

d. Unnecessary legal hardship.

Defendant's breach was knowing, intentional, and without justification.

**WHEREFORE**, Plaintiff seeks compensatory damages, costs, and all other relief deemed proper.

**VI. DAMAGES**

50. Plaintiff incorporates all preceding paragraphs. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered legally compensable damages under federal and Florida law. Plaintiff seeks a total of Eighty-Five Thousand Dollars ($85,000) in damages, broken down as follows.

**Actual Damages**

51. Plaintiff suffered financial harm including:

a. Loss of creditworthiness and the creation of uncertainty surrounding her financial stability due to Defendant's inaccurate reporting and improper credit access;

b. Plaintiff's credit is the primary credit used for her household, and Defendant's conduct caused stress, disruption, and instability that affected Plaintiff and her family;

c. Costs associated with preparing, filing, and participating in arbitration;

d. Mailing, printing, travel, and documentation expenses;

e. Time lost from work, childcare, and family responsibilities as a result of Defendant's actions and the arbitration process.

52. Actual damages are recoverable under the FDCPA, FCRA, and FCCPA. *See* **LeBlanc v. Unifund CCR Partners**, 601 F.3d 1185 (11th Cir. 2010).

**B. Emotional Distress Damages**

53. Defendant's conduct caused Plaintiff significant emotional distress, including:

Anxiety and fear regarding litigation; Sleeplessness and loss of peace of mind;

Stress from being sued without legal basis; Embarrassment from the public filing of the lawsuit; Ongoing worry due to improper credit reporting and credit denials.

Emotional distress damages are recoverable under: FDCPA: *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015) FCRA: *Cousin v. TransUnion Corp.*, 246 F.3d 359 (5th Cir. 2001)

FCCPA: Fla. Stat. §559.77(2)

Plaintiff seeks **$35,000** in emotional distress damages.


## C. Reputational Harm

54. Defendant's public court filings and inaccurate credit reporting damaged Plaintiff's

reputation.

Reputational harm is recoverable as actual damages under the FCRA and FCCPA.

See *Keller v. Federal Bureau of Investigation*, 552 F. App'x 864 (11th Cir. 2013).

Plaintiff seeks **$25,000** for reputational harm.


## D. Statutory Damages

Pursuant to:

**15 U.S.C. §1692k(a)(2)(A)** (FDCPA),

**15 U.S.C. §§1681n and 1681o** (FCRA), and

**Fla. Stat. §559.77** (FCCPA), Plaintiff seeks statutory damages of **$2,000**.


## E. Punitive Damages

55. Defendant's conduct was willful, malicious, reckless, and showed a deliberate disregard

for Plaintiff's rights.

Punitive damages are appropriate under:

**FCCPA**, where courts permit punitive damages for intentional misconduct

**FCRA** for willful violations under §1681n

Defendant repeatedly engaged in unlawful conduct, including:

Suing Plaintiff despite mandatory arbitration;

Making false statements to a court;

Reporting inaccurate information;

Failing to reinvestigate disputes;

Accessing Plaintiff's credit file without authorization;

Failing to validate the debt.

Plaintiff seeks **$8,000** in punitive damages to deter similar conduct.


## F. Total Damages Requested

56. Plaintiff respectfully requests a total award of **$85,000**, consisting of:

      **$35,000** — Emotional distress

      **$25,000** — Reputational harm

      **$15,000** — Actual damages

      **$2,000** — Statutory damages

      **$8,000** — Punitive damages

Plaintiff also seeks costs and fees as allowed under:

**FDCPA: 15 U.S.C. §1692k**

**FCRA: 15 U.S.C. §§1681n, 1681o**

**FCCPA: Fla. Stat. §559.77(2)**


## VII. JURY DEMAND

57. Plaintiff **demands a trial by jury** on all issues so triable under Rule 38 of the Federal Rules of Civil Procedure.

## VIII. PRAYER FOR RELIEF

58. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Portfolio Recovery Associates, LLC, and award the following relief:

**$85,000 in total damages**, as outlined above;

b. Statutory damages under the FDCPA, FCRA, and FCCPA;

c. Actual damages, including emotional distress and reputational harm;

d. Punitive damages;

e. Costs and fees as authorized by statute;

f. Pre and post judgment interest;

g. Any other relief the Court deems just and proper.

**Respectfully submitted,**

**Dated:** ___12/10/2025_____**By:** ____Alindzia Frazier_____

**Alindzia Frazier, Plaintiff, Pro Se**

**/s/ Alindzia Frazier**

2567 Ryland Falls Dr

Lakeland, fl 33811

(615)971-9850

linziac@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION


ALINDZIA FRAZIER,

    Plaintiff,


v.                                                                    Case No.:

_____


PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

_____/


## EXHIBIT A

State Court Lawsuit Filed by Defendant


This exhibit contains a true and correct copy of the lawsuit filed by Portfolio Recovery

Associates, LLC against Plaintiff in the County Court of Polk County, Florida. The filing

demonstrates that Defendant initiated litigation against Plaintiff despite the existence of

a binding arbitration clause and without providing any documentation establishing

ownership or assignment of the alleged debt.

Filing # 203327520 E-Filed 07/25/2024 11:56:06AM

MLG - 4926679

IN THE COUNTY COURT OF THE
TENTH JUDICIAL CIRCUIT IN AND FOR
POLK COUNTY, FLORIDA

SMALL CLAIMS
mv19,10N CASE NO.

_____

PORTFOLIO RECOVERY
ASSOCIATES,
        LLC
        Plaintiff,

vs.

ALINDZIA MICHELLE
        FRAZIER Defendant.

_____

### STATEMENT OF CLAIM

COMES NOW the Plaintiff, PORTFOLIO RECOVERY ASSOCIATES,

LLC, by and through its undersigned attorney, sues Defendant ALINDZIA

MICHELLE FRAZIER , and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in an anujunt less than or equal to $8,000.00, exclusive of

    interest, costs and attorney fees, and comes within the jurisdiction of this Court.

2. Plaintiff is a foreign corporation authorized to bring this action pursuant to
    Fla. Stat. §

    607.15012)(a).

3. Defendant is a resident of POLK County, Florida.

4.   All conditions precedent to the bringing of this action has been performed, have occurred or have been waived.

## COUNT 1

## (ACCOUNT STATED)

5.   Plaintiff incorporates and realleges paragraphs 1-4.

6.   Defendant made purchases and/or received cash advances utilizing credit extended by SYNCHRONY BANK (the 'Creditor') , account number XXXXXXXXXXXX5 162.

7.   In accordance with the transactions made by Defendant on the account (the 'Account') heretofore Inentioned, Creditor and Defendant agreed to the resulting balance.

8.   Creditor rendered statement(s) of the Account to Defendant, copies of which are attached hereto and incorporated herein as Exhibit and Defendant did not object to the statement(s).

9.   Defendant failed and/or refused to pay for said purchases or cash advances as agreed, or otherwise.

10.   Plaintiff has purchased the debt incuri'ed by Defendant and is the legal ownel' and holder of the debt.

11.   Defendant owes Plaintiff $ 1 ,514.07.

WHEREFORE, Plaintiff demands judgment against Defendant for the sum of $1 ,514.07 plus costs, and such other and further relief as the Court may deem just and proper.

## COUNT 11

(UNJUST ENRICHMENT)

12.  Plaintiff incomorates and realleges paragraphs 1-4 and paragraph 10.

13.  The Creditor has conferred a benefit on Defendant by providing credit for

cash advances, products and/or goods and services.

14.  Defendant has knowledge of the benefit and the use thereof by Defendant

constitutes an unjust enrichment of Defendant at Plaintiff's expense.

15.  Defendant has accepted or retained the benefit conferred and the
circumstances are

such that it would be inequitable for the Defendant to retain the benefit without paying

fair value for it. Defendant has failed to pay for said benefit and Defendant has

therefore been unjustly enriched.

16.  As a result of the unjust enrichinent of Defendant, Plaintiff has been damaged
in an

amount in equal to $1,514.07.

WHEREF()RE, Plaintiff demands judgment against Defendant for the sum of $1,5 14.()7

plus costs, and such other and further relief as the Court may deem just and proper.


Mandarich Law Group, LLP

Is/ Carolvn Karettis, Esq.

| | |
|---|---|
| Harold E. Scherr, Esq. FBN 240486 | P.O. Box 952289 |
| Hunter Masin, Esq. FBN 1028137 | Lake Mary, FL 32795 |
| Maxwell Tyler Hamilton, Esq. FBN 95985 | Phone: 407-995-3004 |
| Carolyn Karettis, Esq. FBN 0660876 | Facsinlile:407-583- |
| Thomas J. cupo, Esq. FBN 127308 | |
| Eileen O'Malley, Esq. FBN 13816 | Attorneys for Plaintiff |
| Rafael R. Caraballo FBN 124632 | |

## DESIGNATION OF EMAIL ADDRESS

Pursuant to Fla. R. Jud. Admin. 2.5 16 Plaintiffs Counsel hereby designates
florida@mandarichlaw.com as its primary
enulil address for the receipt of pleadings.

# EXH IBIT A

## ASHLEY FURNITURE HOMESTORES/SYNCB  ALINDZIA MICHELLE FRAZIER

Aczount Number : ██████████ 5162
Statement Closing Date: 09/16/2022

ASHLEY

## Promotional Purchase Summary

| Promotional Expiration Date | Promotional Balance | Deferred Interest Charge | Tran Date | Description | Initial Purchase Amount |
|---|---|---|---|---|---|
| 0911812022 | $851.95 | $0.00 | 02/22/2021 | Deferred Interest/No Interest If Paid In Full | $1 1466.95 |

A summary of your promotional purchase is provided above.

If you have a DEFERRED INTEREST/NO INTEREST IF PAID IN FULL promotion: To avoid paying Deferred Interest Charges on these ₃romotion(s), you must pay the entire applicable Promotional Balance by the Prt)motional Expiration Date.

To make more than one payment see Make Payment To address or pay online at mysynchrony.com.

## Transaction Summary

| Tran Date | Post Date | Reference Number | Description | Amou nt |
|---|---|---|---|---|
| 09/1 6/2022 | 09/1 6/2022 | F907300LK00999990 | CHARGE OFF ACCOUNT-PRINCIPALS | ($851.95) |
| 09/1 6/2022 | 09/1 6/2022 | F907300LK00999990 | CHARGE OFF ACCOUNT-INTEREST CHARGE | ($106.87) |
| | | | | ($596.25) |
| 09/1 6/2022 | 09/1 6/2022 | F907300LK00999990 | CHARGE OFF ACCOUNT •FEE CHARGEOFF* | $41.00 |
| 09/1 1/2022 | 09/1 1/2022 | | LATE FEE | $41 .00 |
| | | | TOTAL FEES FOR THIS PERIOD | $0.00 |
| 09/1 6/2022 | 09/1 6/2022 | | INTEREST CHARGED | $0.00 |
| | | | INTEREST CHARGE ON PURCHASES | |
| | | | TOTAL INTEREST FOR THIS PERIOD | |

| 2022 Totals Year-to-Date | |
|---|---|
| otal Fees Charged in 2022 | $324.00 |
| otal Interest Charged in 2022 otal Interest Paid in 2022 | $89.75 |
| | $0.00 |

## Interest Charge Calculation

| Type of Balance | Expiration Date | Annual Percentage Rato (APR) | Balance Subject to Interest Rate | I nterest Charge |
|---|---|---|---|---|
| Purchases | | 29.99% | $0.00 | $0.00 |
| Deferred InteresVNo Interest if Paid In Full | 0911812022 | 29-99% | $0.00 | $0.00 |

• NOTICE: See reverse side and additional pages (if any) for Important information concerning your account.

1    3    220916    7. X PAGE of 3    90%' 3 3000 FERN 9 01 DGb302

pay online at mysyne»rony.oom or enc•oge this    With your Check. Please use blue or b'8Ck ink.



Overnight Payments. Payments cannot be ___ in person, mail payments to Synchrony Bank, 1.40 ___ Springs Road, Longwood. FL 32779

Notices. See below for your Billing Rights and other Atnportent Information. leiephonrng abc, all billing errors Will not your rights under federal law To preserve rights, please write to our Billing Inquiries Address. PC), box €465035. Orlanudo. FL 32896-5035

Purchases. relurns and payments made pnor to billing date may not appear until next month's statement When you provide a check as payrnenl you auth01 ize us either to use rrfforrnatton your check tnake a orle lirne electiontc fund transfec youl account or p;ocess the payrnenl as a transacttton IN hen we use 'n ror mation from your check 10 rnake an electronic fund transfer funds rnay be v,nthdrawn frortl yout account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. You may choose not to have your payment collected electronically by sending your payment (with the remittance coupon) in your own envelope — not the enclosed remittance envelope* addressed to: PO Box 530960, Atlanta. GA 30353-0960 and not the payment addresss

While do mot have to pay the amor.ltlt qtrR".³ stion. arc: renponsible for

• We can apply any LtnpEEld amount against your credit litntt

**Your Rights** ff You Are Dissatisfied With Your Credit Card Purchases If you arc dissatisfied with the goods or sorviccs that you havo purchased With your credit card. and you have trIed In good faith to correct the probletn With the rnerchanti you may have the right not to the remaining amocmt due on the purc.ho$c. Ta use thi$ right. ali of the following rnl.lfit be tri.je

1. The purchase have been tnade your horre state within '1 00 ITliles of your current mailing address. and the purchase price om„ast have EX*en more than 950. (Note: &lther of these are necessary if your purchase vvas based or 1 an advertisernent we (nailed to you or if \tve own {he 1 hat sold you the gocx:ie or services)

2. You must have used your credit card for the purchase. Purchases FTI ade with cash advances (I o in an ATM or with a eheck that accesses your credit cat d account do nol qualify

3. You ml.tst not yet have fittly paid for the purchase.

If all of the criteria above aro mot and you aro still dissatisfied Wilh tho purchase . contact us; in writing at.

Synchrony Bank
P.O. oox 9650.35. Orlando. FL 32896-5035

While we investigaln the same r t lies apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that potnts It we think voti owe an amol-:nt and you do not pay we may report you as delinquent

'"formation About Payments: You may at any time pay, jn whole or in part, the total unpajd bajance without any additional charge for prepayment, Paymen ts received after 5.00 PM (CT) on any day will be credited as of the next day Credit to ao..cotunt may bc: delayed up to five days if payment (a) is not received at the payment

(b) is not made in (J VS. dollars drawn on a U.S. financial institution in the U S . (o) IS not accompanied by the remittance coupon attached to your statement. (d) contains more than one payment or remittance coupon. nnt rec;enred in the remittance envelope provided or (t) includes staples. paper cups tape( a folded check or of' any type

T hil:; in on attempt to        and any        obtained h.qil E be used for that

dav tn the billing cycle. We then acid the Interest to the daily balance Ta get the jdaily balanoel we take Ihe 2 heginninq balance of your account each day (which Includes unpaid inter eel), add any new charges. and appbcable fees, and subtract any payments or credits. Thi* gives us the daily balance. Anv daily balance of less than zero Will be treated as pera A separale daily balance will be calculated for each balance type on your The balance(s) shown in the Inferesl Charges section this statement IS the surn of the clailv balances for each day in the billing cycle divided by the number of davs in the billing cycle.

Bankruptcy Notice: If you file bankruptcy you musi send us notice, Includlng aecoltnt nurnber anci all tntormatlon related to the proceeding to the following address: Synchrony Bank, Attn: aank(L1ptcy Dept. t PO 965064. F! 22896-5064

### Your account is owned and serviced by Synchrony Bank*

use or Information About You and Your Account: P"lvacy Policy describes 01"' collection and disclosure of Inforrnatlon about you and your Account. If you would Ilkc another copy of the Privacy Policy. please call t.js at the customer service telephone ntumber indiGütQd on the front of this statement.

135453AI        02/07/18

a telephone nwmber on your account. consent to Gynthrony [dank and anv other c..vvner or of YOLt r account contacting you about your acoount. including anv information or phane you providQ. and c.tonsent to the of any automatic telephone diafing system and/or an artificial ar rerecorded voice when contacling you i even if you are charged for [he call under your phone plan.

For changes of address and/or phone nunnher, please check the box and prn1t the changes below.

33
City. .State
71 p
Phone t/

Phc,nc:.•

* B(.Inincst; Phone        # other phone #
•we can ue.e to oorlta,.üt vou

## Cardholder News & Inforrnation

cxn          1

024sc-007805-oooo-ooReceived in Polk 07/25/2024 12:03 PM

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION


ALINDZIA FRAZIER,

    Plaintiff,


v.                Case No.: _____


PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

_____/


## EXHIBIT B

Order Compelling Arbitration


This exhibit contains a true and correct copy of the state court's order compelling arbitration and directing the parties to resolve the dispute through binding arbitration, as required by the governing credit agreement. The order confirms that litigation in state court was improper and that Defendant was required to proceed in arbitration rather than filing suit against Plaintiff.

INST
R #
2024
2384
67
OR
BK
1330
4 PG
0715
10/22
/2024
08:48
AM

STACY M. BUTTERFIELD Clerk of County Court Polk County Recorded By Court

Filing # 208704580 E-Filed 10/14/2024 11:52:45 AM

IN THE COUNTY COURT
OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

CASE NUMBER:
**53-2024-SC-007805-0000-00**

PORTFOLIO RECOVERY ASSOCIATES, LLC,
    Plaintiff,

FRAZIER, ALINDZIA MICHELLE,
    Defendant.

# ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CASE

THIS MATTER comes before the Court in a Motion to by the Defendant. The Court having reviewed the case and being otherwise advised of the premises it is

ORDERED AND ADJUDGED

1. The Defendant's Motion to Dismiss is GRANTED.
2. The Plaintiff is to cancel the Mediation currently scheduled for October 23, 2024.
3. This case is proceeding to Arbitration.
4. The case Management Conference set for November 19, 2024 is hereby CANCELED.

ORDERED on Monday, October 14, 2024.

53-2024-SC-007805-0000-00 10/14/2024 11:24:57 AM

John Flynn, County Judge
53-2024-SC-007805-0000-001042024 II
AM

2024sc-007805-0000-00     Received in Polk 10/14/2024 12:06 PM

OR BK 13304 PG 0716

Copies to:

SCHERR HAROLD E FRAZIER, ALINDZIA MICHELLE
florida@mandarichlaw.com  2567 RYLAND FALLS DR
abcfleservice@abclegal.com LAKELAND, FL 33811-1033

ABC      Legal      Admin      Batch
abcfleservice@abclegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION


ALINDZIA FRAZIER,

    Plaintiff,


v.               Case No.: _____


PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

_____/


EXHIBIT C

Defendant's False Default Judgment Request and Court's Order Denying Default


This exhibit contains a true and correct copy of:

1. Defendant's Motion for Final Judgment by Default falsely asserting that Plaintiff
   failed to appear at a Small Claims Pre-Trial; and

2. The state court's subsequent order denying Defendant's request for default and
   confirming that Plaintiff had not failed to appear, correcting the record and reinforcing
   that arbitration had already been ordered.

These documents demonstrate Defendant's use of false statements and improper attempts
to obtain a judgment it was not legally entitled to, in violation of the FDCPA and FCCPA.


2024sc-007805-oooo-oo      Received in Polk 10/30/2024 06:24 PM

Filing # 209936553 E-Filed 10/30/2024 03:38:19PM

MLG-4926679

IN THE COUNTY COURT OF THE
TENTH JUDICIAL CIRCUIT' IN AND FOR POLK COUNTY, FLORIDA

SMALL CLAIMS DIVISION

CASE NO. 2024 SC 007805 000000

PORTFOLIO RECOVERY ASSOCIATES,
LLC
           Plaintiff
, vs.

ALINDZIA MICHELLE FRAZIER
           Defendant.

_____

### MOTION FOR FINAL JUDGMENT BY DEFAULT

COMES NOW Plaintiff. PORTFOLIO RECOVERY ASSOCIATES. LLC, by and

through undersigned counsel, and nwves for entry of a Final Judgment against Alindzia Michelle

Frazier. and in support hereof states as follows:

I. Defendant has defaulted by failing to appear at a Small Claims Pre-Trial.

2. Plaintiffs Affidavit of Claim and Affidavit of Costs are appended hereto as

E.xhibits "A" and respectively, and are incorporated herein by reference.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date of filing this document. as reflected by the e-filing stamp inserted upon it by the Clerk of Court. a true and correct copy of the foregoing has been furnished to the following persons in the manner described below:

U.S. MAIL
ALINDZIA MICHELLE FRAZIER
2567 RYLAND FALLS DR
LAKELAND FL 3381 1-1033

M andarich Law Group, luLP

Is/ Harold E. Scher,•. Esq.        _____        _____

127308
Eileen O'Malley, Esq. FBIN 13816

Rafael R. Caraballo FBN 124632

P.O. Box 952289 Lake Marv. FL 32795
Phone: 407-995-3004 Facsimile: 407-583-4964
florida@mandarichlaw.com Attorneys for Plaintiff

2024sc-007805-0000-00     Received in Polk 10/30/2024 06:24 PM

EXH
IBIT
A

# AFFIDAVIT OF CLAIM

# DECLARATION OF CUSTODIAN OF RECORDS

l. the undersigned. Custodian of Records. for Portfolio Recovery Associates. LLC hereby declare. certify. and state as follows:

I    I am coni petent to testify to the Inatters contained herein.

2    I arn an authorized employcc of Portfolio Recovery Associates. LLC. ("Account Assignee") \vhich is doing business at Riverside Conunerce Center. 12() Corporate Boulevard. Norfolk. Virginia. I an) familiar \Vith the policies and practices. as ell as the books and records of Account Assignee \Vith respect to the Inattcrs stated herein. This declaration is based upon ni_v personal kno [1].vlcdgc of Account Assignee's record keeping systeml and Iny of the business records of the Original Creditor SYNCHRONY BANK/ASHLEY FURNITURE. including a r(.n of the business records transferred to Account Assignee froln SYNCHRONY BANK ("Account Seller'). \vhich have a part of and have integrated into Account Assignee's business records. the ordinary course of business.

3    According to the business records. vchich arc Inarntalncd in the ordinary course of business. the account and all proceeds of the account are ()lvned by the Account Assignee. all of the Account Selleös Interest in such account having been sold. assigned and transferred by the Account Seller on 9/16/2023. Further- the Account Assignee has been assigned all of the Account Selleös and authority to do and perform all acts necessary for the settlelnent. satisfaction. convromise. collection or adjustincnt of said account. and thc Account Seller has retained no further Interest In said account or the proceeds thereof- for any purpose \vhatsoever.

4    According to the records transferred to the Account Assignee from Account Seller- and Inaintaincd in thc ordinar} course of business by the Account Assignee. there as due and pa_vable froln MICHELLE FRAZIER; ALINDZIA ("Debtor and Co-Debtoö') to the Account Seller the sun) of $1,555.07 vcith the respect to account nutnber ending in 5162 as of the datc of 9/16/2022 v€ith there being no kno\vn un-credited payrnents. counterclaims or offsets against the said debt as of the date of the sale.

5    According to the account records of said Account Assignee. after all kno\vn payrnents. counterclairns- and/or setoffs occurnng subsequent to the date of sale. Account Assignee claims the sum of $1,514.07 as due and ovcing as of the date of this declaration.

6    Plaintiff believes that the defendant is not a minor or an Incornpctcnt individual and declares that the Defendant is not on active militan service of the United States.

7    I declare under penalty of perjury under the laxvs of the State of Florida that the foregoing is true and correct.

Executed on 6/140024_____ at        Norfolk, VA

Portfolio Recover) Associates. LLC

_____

By: Floyd, Da:xüb, Canodim of Røcmd8.



EXH
IBIT
B

# AFFIDAVIT OF COSTS

MluG - 4926679

IN THE COUNTY COURT OF THE
TENTH JUDICIAL CIRCUIT IN AND
FOR POLK COUNTY, FLORIDA

PORTFOLIO RECOVERY ASSOCIATES, LLC
      Plaintiff, vs.

SMALL CLAIMS DIVISION
CASE NO. 2024SC007805000000

ALINDZIA MICHELLE FRAZIER
      Defendant.

_____

**AFFIDAVIT OF COSTS**

BEFORE ME, the undersigned authority. personally appeared Harold E. Scherr. Esq.. who

first being duly sworn. deposes on personal knowledge and states that:

1 . I am a member of The Florida Bar and I am duly authorized to practice before this Court. I have personal knowledge of all facts in the instant case.

2. The costs for this case are as follow:

| | |
|---|---|
| i. Filing fees: | $191.48 |
| ii. Service of Process: | $59.85 |
| iii. Total | 2 51.33 |

UNDER PENALTIES OF PERJURY. I hereby swear. affirm and declare that I have read the foregoing and that the facts stated in it are true. (pursuant to F.S. 92.525).

By: Is/ Harold E. Scherr. Esq.
_____

FBN |

Filing # 21 1028405 E-Filed 1 1/15/2024 PM

MLG - 4926679

IN THE COUNTY COURT OF THE
TENTH JUDICIAL CIRCUIT IN
AND
FOR POLK COUNTY, FLORIDA

PORTFOLIO RECOVERY ASSOCIATES,
LLC

       P
laint
iff,
vs.

SMALL CLAIMS DIVISION
CASE NO. 2024SC007805000000

ALINDZIA MICHELLE
     FRAZIER Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL AND STAY COURT CASE

    THIS CAUSE HAVING COME TO BE CONSIDERED on Plaintiff's Motion to Vacate Dismissal and Stay Court Case, and the Court being fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED

1. At Pretrial Conference on September 10, 2024 the Defendant was granted Arbitration.
2. Judge also Ordered at Pretrial Conference the Plaintiff to set Mediation and calendared a Case Management Hearing for November 19, 2024.
3. On October 2, 2024 the Defendant filed a Motion to Dismiss this case due to Arbitration being set.
4. On October 14, 2024 Judge Flynn signed an Order granting the cancellation of Mediation set on October 23, 2024, cancellation of the Case Management Conference set for November 19, 2024 and dismissal of this case.
5. The Plaintiff's Motion to Vacate Dismissal and Stay Court Case is hereby DENIED.
6. This case shall remain DISMISSED and Plaintiff is to move forward with Arbitration.

    DONE AND ORDERED in Chambers at POLK County, Florida, this Friday, November 15, 2024.

53-2024-SC-007805-0000-00 11/15/2024 11:01:52 A

John Flynn, County Judge

53-2024-SC-0078 05-OOOO-OO 11/15/2024 Il AM

2024sc-007805-oooo-oo    Received in Polk 11/15/2024 12:40 PM

2024sc-007805-oooo-oo    Received in Polk 10/30/2024 06:24 PM